

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/18/2007

| | | |
|---|---|---|
| IN RE: § | | |
| NATHAN ELIAZER SCHWARTZ; dba PPP § | CASE NO: 07-30508 | |
| INVESTORS NO. II; dba ALL ABOUT § | | |
| NURSES, LLC; dba 3 PIPES 1997 § | | |
| CORPORATION; dba PINEY POINT § | | |
| CUSTOM HOMES, LLC; dba SAVION § | | |
| ESTATE HOMES, INC.; dba PPP BUILDERS § | | |
| LLC; dba PRIME PREFERRED PROPERTIES § | | |
| CO, LLC; dba PPP DEVELOPMENT CO., § | | |
| LLC; dba KAPPA DEVELOPMENT CO.; dba § | | |
| PPP INVESTORS NO. 1; dba MAXNET, § | | |
| INC.; dba RM ARCHITECTS, LLC; dba PRO § | | |
| METAL PRODUCTS, INC.; dba ELIAZAR § | | |
| TRACT CO., INC.; dba NES 2001 § | | |
| DEVELOPMENT CO., LLC; dba JENNY-IRIS § | | |
| ENTERPRISES, LLC; dba PRIME KNOW § | | |
| DEVELOPMENT CO., LLC; dba 101 § | | |
| DETERING DEVELOPMENT CO. § | | |
|         Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| STAR HIGH YIELD INVESTMENT § | | |
| MANAGEMENT CORP., INC. § | | |
|         Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 07-03170 | |
| § | | |
| NATHAN ELIAZER SCHWARTZ § | | |
|         Defendant § | | |

## **MEMORANDUM OPINION**

This case arises from a settlement agreement between Plaintiff and Defendant. Pursuant to the settlement agreement, Defendant executed a promissory note due Plaintiff. Defendant then filed bankruptcy. Plaintiff now objects to the dischargeability of the debt owed under the promissory note. The parties filed summary judgment motions. The Court denies both motions.

1

**Background**

Plaintiff Star High Yield Investment Management Corp., Inc. ("Star High") invested over $2,000,000 in construction projects promoted and managed by defendant Nathan Schwartz ("Schwartz"). The investments produced no returns.

In early 2003, Star High filed a state court lawsuit alleging breach of fiduciary duty, common law fraud, fraud in real estate transaction, violation of the Texas Securities Act, and breach of contract. The lawsuit sought damages and a restraining order to prevent further losses. The state court issued a temporary restraining order. However, the state court never issued a final judgment on Star High's claims. While the lawsuit remained pending, Star High and Schwartz executed a "Comprehensive Settlement Agreement" (the "Agreement"). The Agreement contained mutual releases for all claims arising prior to the Agreement's execution.[1] The Agreement also contained a "No Admissions" provision in which the parties clarified that neither party admitted any liability.[2] Pursuant to the Agreement, Schwartz executed a $750,000 promissory note in favor of Star High.

Approximately one year latter, Schwartz defaulted on the promissory note. Star High filed another state court lawsuit for breach of the promissory note. On November 4, 2005, the state court issued a final judgment in favor of Star High and for the amount due under the

---

[1] Specifically, the Agreement states: "Upon execution of this Comprehensive Settlement Agreement . . . the Parties will dismiss with prejudice the respective claims, if any, they have asserted against one another in the Lawsuit." The "Release of Claims" section also included paragraphs in which both parties agreed to "release, discharge, and forever hold harmless [the parties] . . . from any and all Claims that have accrued or may ever accrue . . . which relate to any act, omission or event occurring before this Agreement is executed."

[2] The "No Admissions" provision states: "None of the Parties admit that they have any liability to any of the other parties, all parties acknowledge that this Comprehensive Settlement Agreement is entered into as a compromise to avoid further expenses and to terminate the Lawsuit, their Claims against one another, and all other disputes between them."

promissory note.

In January of 2007, Schwartz filed a chapter 7 bankruptcy petition. In March, Star High filed an adversary proceeding seeking a determination that the state court judgment on the promissory note is a non-dischargeable debt under 11 U.S.C. § 523(a)(2)(A), § 523(a)(4), § 523(a)(19)(A)(ii), and § 523(a)(19)(B)(ii). Both parties seek summary judgment.

## Jurisdiction and Venue

This Court has jurisdiction of this matter under 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §1409.

## Summary Judgment Standard

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a credibility determination which is not part of the summary judgment analysis. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006)**.** A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the movant bears the burden of proof, a successful motion must present evidence that would entitle the movant to judgment at trial. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Warfield*, 436 F.3d at 557. The non-moving party has a duty to respond with specific evidence demonstrating a triable issue of fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). When identifying specific evidence in the record, the non-movant must articulate how that evidence supports its position. *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

**Analysis**

Star High asserts that the promissory note arose from settlement of Star High's fraud claims against Schwartz. Bankruptcy Code § 523(a)(2)(A), § 523(a)(4), § 523(a)(19)(A)(ii), and § 523(a)(19)(B)(ii) precludes the discharge of debts arising from various shades of fraud. Consequently, Star High contends that its promissory note is nondischargeable. Star High asserts the following instances of fraudulent conduct:

● Misrepresentations designed to induce Star High's initial investments. The alleged misrepresentations related to Schwartz's experience, capacity, prior business dealings in Israel, and financial strength.

● Misrepresentations designed to induce Star High's subsequent investments. The alleged misrepresentations related to personal expenses wrongly characterized as reimbursable business expenses and the venture's' financial affairs.

● Misappropriation of funds. The alleged misappropriations included unauthorized payments to Schwartz personally and outside entities, and commingling funds with outside entities to obscure the venture's financial affairs.

Star High contends it is entitled to summary judgment based on the following evidence:

4

● The state court's temporary restraining order.  The order granted a temporary restraining order based on evidence indicating that Schwartz was "currently denuding cash and other assets," and that Schwartz's actions "have jeopardized real estate investments and holdings of the Schwartz-Controlled Entities through *fraud and mismanagement*." (emphasis added).

Schwartz contends he is entitled to summary judgment because Star High's claim arises from a promissory note, not fraudulent conduct.  Schwartz contends that any claims for fraudulent conduct were swallowed by the parties' Settlement Agreement.  Consequently, Star High now only has a contract claim based on the note..  Star High makes no allegations that the note was obtained by fraud.  Thus, Schwartz alleges that Star High fails to state a claim for which relief can be granted.

Schwartz's argument is precluded by clear Supreme Court precedent.  The United States Supreme Court has twice held that a settlement of fraud claims does not preclude a bankruptcy court from looking at the conduct underlying the settlement to determine if the debt is nondischargeable under § 523.

In *Brown v. Felsen*, the Supreme Court first held that a bankruptcy court should examine conduct underlying a settlement to determine a debt's dischargeability. 442 U.S. 127 (1979). *Brown* involved a factual scenario nearly identical to this case.  In *Brown*, plaintiff sued defendant based on alleged misrepresentations and omissions. *Id*. at 128. The parties settled the suit by stipulation and a judgment was entered in favor of plaintiffs. *Id*. After defendant filed for bankruptcy, the plaintiff filed an adversary proceeding objecting to the dischargeability of the debt that arose from the settlement. *Id*. at 128–29. The defendant made essentially the same argument offered by Schwartz: that plaintiff could not object to dischargeability based on alleged fraud because res judicata barred re-litigation of the settled claims and the prior suit and settlement did not produce a finding of fraud.

The Court held that res judicata did not bar the bankruptcy court from looking beyond the settlement to determine the debt's dischargeability. *Id*. at 138–39. The Court reasoned that res judicata was inapplicable because:

> "[D]efendant does not assert a new ground for recovery, nor does he attack the validity of the prior judgment. Rather, what he is attempting to meet here is the new defense of bankruptcy which respondent has interposed between petitioner and the sum determined to be due him."

*Id*. at 133. A § 523 adversary seeks only to *preserve* what the party has already obtained through a settlement agreement. A § 523 movant does not seek a *new* or *greater recovery*. A § 523 movant seeks to *protect* from discharge what the non-movant has already agreed to pay.

The Court also emphasized Congress's intent to prohibit discharge of debts arising from fraudulent conduct. *Id*. at 138 (Noting that the broad language used in the discharge-exception provision "suggests that all debts arising out of conduct specified in [§ 523] should be excepted from discharge and the mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt").

In *Archer v. Warner*, the Supreme Court reaffirmed *Brown's* holdings. 538 U.S. 314 (2003). The Court noted:

> "A debt embodied in the settlement of a fraud case 'arises' no less 'out of' the underlying fraud than a debt embodied in a stipulating and consent decree."

The effect of a settlement with respect to § 523 adversary proceedings is no longer open to debate. *See also Rainey v. Davenport*, 353 B.R. 150, 194 (Bankr. S.D. Tex. 2006).[3]

---

[3] Schwartz also alleges that Star High is estopped from alleging that his debt arose from fraudulent conduct. Schwartz asserts that, after Schwartz breached the promissory note, Star High should have sued Schwartz based on the underlying conduct that gave rise to the settlement's promissory note rather than for breach of the note. The argument is without merit. Star High had no legal or logical basis to set aside the promissory note and essentially re-institute the same lawsuit for which the parties had already reached a settlement. Moreover, *Brown* and *Archer* have already clarified that a § 523 proceeding does not implicate the same res judicata

6

The present case is factually distinct from *Archer* and *Brown* in one respect. Here, the underlying fraud is twice removed from disputed debt. Star High's debt arises directly from a state court judgment, which arose from breach of a promissory note, which arose from a settlement of alleged fraudulent conduct. The Court finds this factual difference irrelevant. In § 523 proceedings, the relevant inquiry focuses on the conduct from which the debt originally arose. Liable parties can not erase the history of a debt's origin through a settlement and subsequent breaches of the settlement. *Archer* and *Brown* hold that bankruptcy courts should look beyond the judgment or settlement to determine whether the underlying conduct included conduct prohibited by § 523.

Based on the foregoing, the Court denies Schwartz's summary judgment motion.

The Court also denies Star High's summary judgment motion. Star High contends that the promissory note arose from numerous instances of fraudulent conduct. The alleged fraudulent conduct included misappropriation of funds. But the alleged fraudulent conduct also included misrepresentations that induced Star High's initial and subsequent investments. Star High supports its motion with a single piece of evidence: the state court's temporary restraining order.[4] The temporary restraining order is interlocutory. It has no preclusive effect on the final determination to be made by this Court. *Streber v. Hunter*, 221 F.3d 701, 737 (5th Cir. 2000)

---

and related concerns as other proceedings. As *Brown* stated, "[D]efendant does not assert a new ground for recovery, nor does he attack the validity of the prior judgment. Rather, what he is attempting to meet here is the new defense of bankruptcy which respondent has interposed between petitioner and the sum determined to be due him." *Brown v. Felsen*, 442 U.S. at 133.

[4] Star High cites *In re Buzzeo* for the proposition that a bankruptcy court can grant summary judgment on a § 523 discharge objection based solely on a settlement agreement. However, in *Buzzeo*, the settlement agreement had a provision that explicitly stated that the "judgment debt will be a non-dischargeable debt, pursuant to 11 U.S.C. § 523(a)(2) in the event of a bankruptcy . . ." 365 B.R. 578, 580 (Bankr. W.D. Pa. 2007). The Settlement Agreement between Star High and Schwartz did not contain a similar provision.

7

(interlocutory orders have "no res judicata effect").

## Conclusion

The Court denies both summary judgment motions. Separate orders will be issued.

Signed at Houston, Texas, on October 17, 2007.

_____
MARVIN ISGUR
United States Bankruptcy Judge